IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMIE LEE RELERFORD, | No. C 07-5281 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| J. WALKER, Warden, | |
| Respondent. | |

On October 17, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons set forth below, the Court finds the instant petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

On November 8, 1996, in the Superior Court of San Mateo County, petitioner was convicted of nine counts of strong armed robbery. He was sentenced to nine terms of twenty- five years to life in state prison.

Petitioner previously filed in this district four petitions challenging the 1996 conviction and sentence. Each prior petition was dismissed, as follows: Relerford v. People of the State of California, C 98-2940 MMC, was dismissed when petitioner failed to amend the petition as ordered by the Court; Relerford v. People of the State of California, C 98-

2918 MMC, was dismissed as duplicative; <u>Relerford v. People of the State of California</u>, C 99-0979 MMC, was dismissed as untimely under the one-year statute of limitations applicable to federal habeas corpus petitions; and <u>Relerford v. Hill</u>, C 99-4808 MMC, was dismissed as a successive petition.

In the instant petition, petitioner claims the sentence imposed on his 1996 conviction is unlawful because it exceeds the sentence allowed under California law.

## DISCUSSION

A claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive habeas corpus petition under § 2254 that was not presented in a prior petition must also be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. <u>Id.</u> § 2244(b)(2). Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. <u>Id.</u> § 2244(b)(3)(A).

The instant petition presents claims challenging the 1996 sentence that was the subject of petitioner's prior federal habeas corpus petitions. Consequently, petitioner may not proceed with such claims until he has sought or obtained an order from the Ninth Circuit authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition must be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.

//
//
//

2

**CONCLUSION**

For the reasons stated above, the petition is hereby DISMISSED without prejudice as a second or second successive petition under 28 U.S.C. § 2244(b).

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge